# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

ELI LILLY AND CO., ELI LILLY ITALIA S.P.A., ELI LILLY KINSALE LTD., ELI LILLY NEDERLAND B.V., AND ELI LILLY GES.M.B.H.

              MOVANTS,

v.

NOVARTIS PHARMA AG

              RESPONDENT.

Misc. No. _____

## LILLY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Eli Lilly and Company, along with its foreign subsidiaries, Eli Lilly Italia S.p.A, Eli Lilly Kinsale Limited, Eli Lilly Nederland B.V., and Eli Lilly Ges.m.b.H. (collectively "Lilly") request that this Court issue an order compelling Novartis Pharma AG ("Novartis") to respond to a document subpoena served in this District.[1] Lilly previously filed an application with the Eastern District of Virginia pursuant to 28 U.S.C. § 1782 ("Section 1782") granting leave to obtain discovery for use in foreign proceedings and requesting an order to serve a subpoena on Novartis. The subpoena requests documents relating to Novartis' global litigation campaign against Lilly in various foreign jurisdictions regarding Lilly's Taltz® product, as well as anticipated competition complaints that Lilly intends to file with the European Commission and the Italian Antitrust Authorities (collectively, "Enforcement Agencies"). After two rounds of briefing, the Eastern District of Virginia granted Lilly's application on July 8, 2021.

On July 29, 2021, Lilly served the document subpoena on Novartis by serving Karen Hale,

---

[1] Pursuant to Local Rule 37.2, Lilly has appended a Certificate of Conference to this motion detailing the parties' good faith efforts to resolve this dispute. *See also* Helm Decl. ¶¶ 19–21.

the Chief Legal Officer of Novartis AG, the parent company of Novartis Pharma AG, and, on information and belief, a Director of Novartis. Novartis agreed not to dispute service of the subpoena on Ms. Hale. The subpoena ordered Novartis to produce documents by August 12, 2021, however, Novartis has refused to produce the requested documents. Instead of moving to quash the subpoena in this District—the "district where compliance is required" as required by Federal Rule of Civil Procedure 45 ("Rule 45")—Novartis improperly filed a motion to quash with the Eastern District of Virginia, *i.e.,* the Issuing Court. *See* Fed. R. Civ. P. 45(d)(3)(A); (a)(2). That motion only made *one* argument in support of quashing the subpoena—that the subpoena is invalid because the place of compliance is over 100 miles from Novartis, which is based in Switzerland. Novartis then served a letter objecting to the subpoena, incorporating by reference the arguments in Novartis' motion to quash. Because Novartis has not made any other objection to Lilly's subpoena, it has waived all other objections.

With respect to the sole objection Novartis has preserved, Novartis effectively argues for an interpretation of Rule 45 that would insulate *any* foreign entity from any Rule 45 document subpoena in *any* U.S. judicial district, even where that entity has been properly served. This Court should reject such an unsupported reading of the Rule. As numerous courts have held, Rule 45's 100-mile requirement is inapplicable where electronic productions can be made because the purpose of the Rule is to prevent burdensome *travel*. Here, Novartis could simply produce the requested documents electronically, as Lilly counsel has offered and as comports with Rule 45's intent (Fed. R. Civ. P. 45 (note on subdivision (c)), or have Ms. Hale (or Novartis' counsel) deliver the documents to the place of production, which is the same office building as Novartis' counsel, and only two miles away from Ms. Hale's residence.

Moreover, Novartis entirely ignores that the 100-mile limitation of Rule 45 applies to not

just where a company "resides," but also where it "regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Ms. Hale has been regularly transacting business and performing her duties as Chief Legal Officer from within this District for months. That is exactly how Lilly was able to serve Novartis in this District in the first place. Thus, even if the 100-mile rule applied to these facts, Lilly's subpoena complies.

Under these circumstances, this Court should overrule Novartis' sole objection and compel Novartis to produce documents responsive to Lilly's subpoena.

## I. FACTUAL BACKGROUND

### A. The Parties, the IL17A/F Portfolio, and Foreign Litigations

Lilly is an Indianapolis-based global pharmaceutical company that produces and markets Taltz®, an advanced treatment for plaque psoriasis, psoriatic arthritis, and pediatric plaque psoriasis containing the antibody ixekizumab. *See* Ex. 1[2] ("Voy Decl.") ¶ 4. Taltz® is an injectable form of a humanized monoclonal antibody that acts by binding to and neutralizing the protein interleukin-17A (IL17A), reducing inflammation. *Id.* The Lilly family of companies had been the target of numerous patent infringement claims relating to Taltz® filed by Genentech, Inc. ("Genentech") on IL17A/F patents in its portfolio. *Id.* ¶ 5. Genentech pursued those claims worldwide, including here in the United States, as well as in the United Kingdom, France, and Germany. Despite Genentech losing at every turn,[3] Novartis acquired Genentech's IL17A/F portfolio with the intent to exclude Lilly's Taltz® from the global marketplace and to protect the market position of Novartis' own competitor IL17A product, Cosentyx®. *Id.* ¶ 6.

---

[2] All exhibits hereto are attached to the Declaration of Katherine A. Helm.
[3] Genentech either lost or withdrew each of its claims, including receiving an entry of adverse judgment in the U.S. District Court for the Southern District of California, in *Genentech, Inc. v. Eli Lilly & Co.*, No. 3:18-cv-01518-JLS-AHG (S.D. Cal.), and before the Patent Trial and Appeal Board, which invalidated all claims of the only U.S. patent, No. 10,011,654. *See* Ex. 2.

Indeed, after Novartis acquired this battered portfolio, it immediately asserted one of those patents, the German counterpart of European Patent No. 2 784 084 (the "EP '084 patent") against Lilly in Germany seeking to enjoin the sale of Taltz®. *Id.* ¶¶ 8, 23. Notably, before Novartis did an about-face to acquire the Genentech portfolio, it had been arguing that the same EP '084 patent was invalid in opposition proceedings before the European Patent Office. *Id.* ¶¶ 16–25. As such, for a time, Novartis was simultaneously asserting the regional counterpart of EP '084 against Lilly while also seeking to invalidate that same EP patent. While Lilly and Novartis eventually settled the German Action, Novartis' litigation spree of asserting the Genentech IL17A/F patents against Lilly had just begun. *Id.* ¶ 25. In short order, Novartis filed additional actions against various Lilly entities, including actions in Ireland, Italy, and Austria, seeking injunctions in each jurisdiction to effectively exclude Taltz® from the global marketplace. *Id.*

As a result of Novartis' conduct, Lilly has filed antitrust counterclaims and defenses in the foreign patent actions, and it contemplates filing competition complaints against Novartis with certain enforcement agencies, including potentially the European Commission and the Italian Antitrust Authority. Those complaints will be predicated on Novartis' acquisition and assertion of the IL17A/F patent portfolio to foreclose competition from Lilly's Taltz® product, in violation of European and Italian competition law. *Id.* ¶ 41. Lilly intends to rely on documents obtained by the Section 1782 subpoena in support of its competition law claims, including Novartis' abuse of dominant market position. *Id.* ¶¶ 42–43.

> **B.** **The Eastern District of Virginia Granted Lilly's Section 1782 Application to Serve a Subpoena on Novartis**

Lilly applied *ex parte* to the United States District Court for the Eastern District of Virginia for an order pursuant to 28 U.S.C. § 1782 granting leave to obtain targeted discovery from Novartis for use in the foreign proceedings, including anticipated competition complaints. *See* Ex. 3; *see*

*also In re Ex Parte Application of Eli Lilly and Co. et al.*, Case No. 1:21-mc-00017 (E.D.Va.).

Lilly sought discovery from Novartis regarding three limited categories of documents: (1) Novartis' opposition to, acquisition of, and assertion of the IL17A/F portfolio, including the entirety of the patent assignments in unredacted form sufficient to document the chain of title of the IL17A/F portfolio; (2) Novartis' evaluation of the IL17A/F portfolio and any assessments related to any relevant market for products that Novartis contends are covered by the IL17A/F portfolio; and (3) any agreements or other written evidence relating to the transfer of ownership between Genentech and Novartis of the IL17A/F portfolio. Ex. 3 at 3–4. Lilly explained in detail why these documents were relevant to the Irish, Italian, and Austrian actions, as well as the anticipated enforcement proceedings. *See* Ex. 3 at 13–14, 24–25.

In response to Lilly's application, the court requested supplemental briefing regarding the scope of Instruction 10 and the relevancy of Requests 5, 6, and 10 in the proposed subpoena. *See In re Ex Parte Application of Eli Lilly and Co. et al.*, Case No. 1:21-mc-00017, Dkt. 8 (E.D.Va. June 13, 2021). Once supplemental briefing was complete, the court granted Lilly's Section 1782 request and issued a July 8, 2021, Order stating that "Lilly may seek the requested discovery from Novartis and issue a modified version of the subpoena" consistent with the court's order and "commanding Novartis to produce the documents requested in the subpoena, and enforce such discovery consistent with Federal Rule of Civil Procedure 45 and other applicable law." Ex. 4.

**C.    Lilly Served the Subpoena in this District and Novartis Accepted Service**

On July 29, 2021, Lilly served Novartis with a modified version of the proposed subpoena, consistent with the Eastern District of Virginia Court's order. *See* Exs. 5–6. Lilly served Karen Hale, the Chief Legal Officer of Novartis AG, the parent company that wholly owns Novartis

Pharma AG, at Ms. Hale's residence in Chicago, Illinois.[4] *Id*. Upon information and belief, including filings by Novartis Pharma AG with the Securities and Exchange Commission, Ms. Hale is also a member of Novartis' Executive Committee and a Director of Novartis Pharma AG.[5] Ms. Hale's appointment as Chief Legal Officer was effective May 15, 2021, and since then Ms. Hale has been performing her duties as an Officer and Director from this District. *See* Ex. 7. The subpoena served on Ms. Hale commanded Novartis to produce responsive documents by August 12, 2021, at a location less than two miles from Ms. Hale's residence in the West Loop and at the same address as Novartis' outside counsel in this matter.[6] *See* Ex. 8.

Service was proper here, and Novartis' counsel has agreed to not dispute the issue of service.[7] *See* Helm Decl. ¶ 18; Ex. 11 at 5.

**D. Novartis Improperly Moved to Quash the Subpoena in the Issuing Court Rather than the Receiving Court**

Despite accepting service of the subpoena, Novartis filed a motion to quash the subpoena under Rule 45 in the Eastern District of Virginia. *See* Ex. 11. Novartis' motion argues that the subpoena should be quashed because Novartis is based in Switzerland which is over 100 miles from Chicago under Rule 45(c)(2)(A). *Id*. at 9. That motion also independently asks the Eastern

---

[4] Ms. Hale's address is a matter of public record, as her address is listed online on public websites. *See* https://www.wsj.com/articles/hot-in-chicago-the-west-loop-neighborhood-1412869988?mg=prod/com-wsj.

[5] Prior SEC filings by Novartis Pharma AG show that Ms. Hale's predecessors in her role as CLO of Novartis AG were also simultaneously Directors of Novartis Pharma AG. *See* Ex. 9 at 11 (Ms. Hale's predecessor, Shannon Thyme Klinger, was Chief Legal Officer of Novartis AG and a Director of Novartis Pharma AG); *see also* Ex. 10 at 8 (Felix R. Ehrat who was former General Counsel of Novartis AG was also a Director of Novartis Pharma AG). Thus, upon information and belief, Ms. Hale is a Director of Novartis Pharma AG and is performing her business duties in these positions from within this District.

[6] The subpoena's place of compliance is 35 W. Wacker Dr., Chicago, IL, 60601, which is the office building for both Dechert LLP (Lilly's counsel) and Winston & Strawn LLP (Novartis' counsel). *See* Ex. 12.

[7] *See Gharb v. Rockwell Automation*, No. 11-CV-405, 2011 WL 5373989, at *2 (N.D. Ill. Nov. 4, 2011) ("Federal Rule of Civil Procedure 4(h) instructs that a corporation may be served either by delivering a copy of the summons and the complaint to an officer, director, or managing agent of the business or in a manner permitted by the state where the corporation is located.")

District of Virginia to vacate its original Section 1782 order. *Id.* at 10–22. On August 11, 2021, Novartis served its written objection to Lilly's subpoena served on Ms. Hale. *See* Ex. 12. Those written objections merely "incorporate[]" the arguments made in Novartis' motion. *Id.*

Novartis improperly filed its motion to quash in the Eastern District of Virginia. As Rule 45(d)(3) states, authority to quash a subpoena resides with "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). Here, because the place of production is in Chicago, Novartis should have filed its motion to quash with this Court and Novartis cannot exercise self-help to evade this requirement. Lilly will raise this procedural error in its opposition brief with the Eastern District of Virginia.

## II.  LEGAL STANDARD

A Rule 45 subpoena may command the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a). "The scope of material obtainable pursuant to a Rule 45 subpoena is as broad as what is otherwise permitted under Rule 26(b)(1)." *Chavez v. Hat World, Inc.*, No. 12-cv-5563, 2013 WL 1810137, at *2 (N.D. Ill. April. 29, 2013). The burden to quash a subpoena rests with the party challenging the subpoena. *See Jones v. Hirschfeld*, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003). A subpoena may command the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). However, Rule 45(d)(2)(A) also states that "[a] person commanded to produce documents, electronically stored information, or tangible things . . . *need not appear in person at the place of production* . . . unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A) (emphasis added). And, in the context of Electronically Stored Information ("ESI"), the burden is on the producing party to

"show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D).

Under Rule 45, there are two ways for a party to object to a subpoena: (1) serving written objections; or (2) filing a "timely" motion to quash. The failure to make written objections before a subpoena's response date waives all grounds for objection. *See Brogren v. Pohlad*, No. 94 C 6301, 1994 WL 654917, at *1 (N.D. Ill. Nov. 14, 1994) (non-party waived objections where it waited for over two months to serve its written objections); *see also Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (new objections waived because "Rule 45 require[s] the recipient . . . to raise all objections at once, rather than in staggered batches"). Here, the only objections asserted by Novartis related to the 100-mile rule and, therefore, it has waived any other objections.

### III. ARGUMENT

#### A. Lilly's Subpoena Complies with Rule 45

This Court should reject Novartis' sole argument regarding Lilly's subpoena and compel Novartis to produce responsive documents to Lilly's subpoena. Novartis' written objection to the subpoena incorporates Novartis' motion to quash, which it improperly filed in the Eastern District of Virginia. Ex. 12. Other than arguments Novartis raised with respect to the court's original Section 1782 order, Novartis' motion raised only *one* argument regarding Rule 45—the 100-mile rule in Rule 45(c)(2)(A). Ex. 11 at 8–9. This argument should be rejected for at least three reasons.

*First*, federal courts have held that, given the context of Rule 45 and the purpose of the 100-mile limit, it does not apply when documents can be produced electronically. The documents Lilly requests are all documents Lilly expects to be in electronic format and Novartis has provided no basis for Lilly to believe otherwise. Helm Decl. ¶ 20.

*Second*, it is not relevant whether the requested documents are stored at a location more

than 100 miles from this District, as the 100-mile limitation of Rule 45 does not apply to the location of the requested documents. Courts routinely require the production of documents that are located more than 100 miles from the district where compliance is required.

*Third*, even if the 100-mile limitation applied to the requested documents, Lilly's subpoena complies with that limitation. Rule 45 states that a document production is proper anywhere within 100 miles of where a corporation "regularly transacts business in person." Ms. Hale, a resident of this District, regularly conducts her business activities on behalf of Novartis from this District. Thus, Novartis "regularly transacts business" within 100 miles of the place of production.

### 1. The 100-Mile Limitation Does Not Apply To Electronic Productions

Novartis must produce the requested documents because the 100-mile limitation does not apply to productions which can be made electronically. Novartis' argument that because it does not "reside" in Chicago, it cannot be subject to *any* Rule 45 document subpoena in *any judicial district* under Rule 45(c)(2)(A) is not supported the Rule's text or applicable case law. Rule 45(d)(2)(A) provides that "[a] person commanded to produce documents, electronically stored information, or tangible things . . . *need not appear in person at the place of production* or inspection unless also commanded to appear for a deposition, hearing, or trial." (emphasis added). Novartis does not mention this provision or discuss its interaction with the 100-mile limitation. In fact, many courts have concluded that these provisions should be harmonized by interpreting "Rule 45(c)(2)(A)'s 100-mile boundary [as] not apply[ing] where, as here, the subpoenaed person is not instructed to also appear at the production location along with the requested documents." *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (citing cases following approach).

Indeed, district courts from various jurisdictions have declined to apply the 100-mile test where the requested documents can be produced electronically. *See Lightspeed Media Corp. v.*

*Smith,* No. 3:12-cv-889, 2014 WL 12903507, at *2 (S.D. Ill. Feb. 19, 2014) (declining to apply 100-mile rule where requested documents could be provided electronically); *see also Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) ("the 100 mile limit *applies to travel* . . . but a person commanded to produce documents 'need not appear in person at the place of production or inspection.' The subpoena can be enforced") (emphasis added); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 11-cv-268, 2014 WL 12780298, at *3 (N.D. Ind. Nov. 20, 2014) ("Because electronic production creates no geographical burden . . ., the subpoena does not impose unduly on nonparty Ann Taylor like Rule 45(c)(2)(A) seeks to prevent"); *Ott v. City of Milwaukee*, 274 F.R.D. 238, 242 (E.D. Wisc. 2011) (declining to quash subpoena because the "subpoenas are for the production of documents" and parties "presumably do not have to travel"); *Elson v. Global Life and Accident Ins. Co.*, No. 17-cv-00407, 2018 WL 4092020, at *2 (D. Or. Jan. 16, 2018) ("Rule 45(c)(2)(A)'s 100–mile boundary does not apply where, as here, the subpoenaed person is not instructed to also appear at the production location"); *Curtis v. Progressive N. Ins. Co.*, No. CIV-17-1076-C, 2018 WL 2976432, at *2 (W.D. Okla. June 13, 2018) ("Plaintiff is requesting the production of electronic documents. This Court finds that there is no violation of the 100-mile limitation for electronic documents"); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13-cv-1395, 2014 WL 3573400, at *4 (S.D. Cal. July 18, 2014) (rejecting argument that subpoenas violated Rule 45 where "the subpoenas do not require any travel by the third parties"); *Kremen v. Cohen*, No. 12-cv-1145, 2012 WL 1669358, at *2 (S.D. Cal. May 11, 2012) (100-mile limit did not apply where individual need not appear in person).

That makes sense—the *purpose* behind the 100-mile limitation is to prevent burdensome *travel* from where a person resides, is employed, or regularly transacts business. With respect to document production, particularly of ESI, parties are encouraged and often agree to electronic

transmission to facilitate discovery.[8] Thus, Circuit courts have characterized Rule 45 as requiring a court to quash a subpoena only where it "requires a person who is not a party to travel more than 100 miles from where the person resides." *Texas Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 554 (5th Cir. 2012); *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005) (court should quash if it "requires a witness who is not a party to travel more than 100 miles").[9]

Such an interpretation of Rule 45 is particularly appropriate here. The 100-mile limitation was never intended to be a blanket prohibition on serving subpoenas on foreign entities that do business in the U.S. But that is exactly Novartis' position. The effect of Novartis' interpretation would be that Novartis Pharma AG could *never* be subject to a Rule 45 document subpoena in the U.S., even where Novartis has been properly served. This is not the law. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 539–40 (1987) (concluding "that the Hague Convention [does] not deprive [a] District Court of the jurisdiction it otherwise possesse[s] to order a foreign national party before it to produce evidence physically located within a signatory nation"); *see also In re Chevron Corp.*, 11-24599-CV, 2012 WL 3636925, at *13 (S.D. Fla. June 12, 2012) (finding "no authority that would require Chevron to initiate the Letters Rogatory process prior to, or in lieu of, going the § 1782 route").

Moreover, the Eastern District of Virginia has determined that Novartis has sufficient contacts with the jurisdiction for a subpoena to issue, and any burden arguments that Novartis may raise regarding its non-party status are misplaced. Practically speaking, no travel would be

---

[8] Fed. R. Civ. P. 45, Comm. Notes, 2013 Am. subdivision (c) ("Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted be electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements."). Lilly has offered to receive all discovery by electronic means. Helm Decl. ¶ 20.
[9] The Federal Circuit has also faulted district courts for too rigidly applying the 100-mile rule in the context of 28 U.S.C. § 1404(a), noting that the focus is on the degree of inconvenience. *See In re Apple Inc.*, 979 F.3d 1332, 1341–42 (Fed. Cir. 2020).

required to produce the requested documents and there is no reason to think Novartis would be burdened when Lilly has offered to accept all document productions electronically as maintained in the ordinary course of business, as contemplated by Rule 45 itself.[10] *See* Fed. R. Civ. P. 45(e)(1) (discussing the production of "Documents or Electronically Stored Information"). The burden is on Novartis to show that these electronic documents are not "reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D). Under these circumstances, the 100-mile requirement of Rule 45 does not apply to Lilly's subpoena. *See Atlas Industrial Contractors LLC v. In2Gro Techs. LLC*, No. 19-cv-2705, 2020 WL 1815718, at *2 (S.D. Oh. Apr. 10, 2020) (subpoena not defective where requesting party made it "clear in its reply that it will accept service of responsive documents electronically, such that no personal appearance is required.").

Finally, irrespective of the 100-mile limitation, this Court has the inherent power to modify the subpoena to permit Lilly's counsel to pick up the documents directly from Novartis' counsel or else Ms. Hale. *See Dou v. Carillon Tower/Chicago LP*, No. 18-cv-7865, 2020 WL 5502345, at *2 (N.D. Ill. Sept. 11, 2020) (using court's inherent authority to modify subpoena to allow "representative to retrieve any responsive documents from Waterbridge's office in New York"). Such a modification would erase any burden to travel on Novartis and would permit Lilly to obtain responsive documentation.

### 2. Rule 45's 100-Mile Limitation Does Not Apply to the Location of the Requested Documents

Novartis must also produce documents responsive to the subpoena whether or not they are within 100 miles of this District, because Rule 45's 100-mile requirement does not apply to the location of the requested documents. As the Advisory Committee notes to Rule 45 indicate, "[T]he

---

[10] Even if Novartis were to contend that any travel was required, Ms. Hale resides less than two miles from the subpoena's place of production and could herself deliver responsive documents in Chicago, or else have her outside counsel walk down the hall to deliver documents to Lilly's counsel. *See* Exs. 5, 8.

person subject to the subpoena is required to produce materials in that person's control *whether or not the materials are located within the District or within the territory within which the subpoena can be served*." Fed. R. Civ. P. 45, Committee Notes, 1991 Amendment Subdivision (a) (emphasis added). Courts have thus held that there is no requirement that the *documents* be located "within 100 miles" of the place of production.[11] Here, Novartis is the "person" subject to the subpoena and indisputably controls the requested documents, since it was Novartis that acquired Genentech's IL17A/F portfolio. *See* Ex. 15. Thus, Novartis should be compelled to produce responsive documents, even if they are over 100 miles away from this District.[12]

### 3. Even if the 100-Mile Requirement Applied Here, Novartis Regularly Transacts Business in Person in This District Through Ms. Hale

Even if Novartis were correct that Rule 45(c)(2)(A)'s 100-mile limitation applied to electronic productions, that limitation is met here. Novartis narrowly focuses on the fact that it resides in Switzerland. But Rule 45(c)(2)(A) is not limited in such a manner; that Rule also extends to the production of "documents, electronically stored information, or tangible things at a place within 100 miles of where the person . . . *regularly transacts business in person*." Fed. R. Civ. P. 45(c)(2)(A). While Novartis focuses on the location of its headquarters, it entirely ignores the fact that Novartis, through Ms. Hale, regularly transacts business in person in this District.

The phrase "'regularly transact business in person' means just what it says." *Regents of*

---

[11] *See Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, 2016 WL 3606775, at *3 (D. Del. June 30, 2016) (citing *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004)); *see also Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 240 (D.D.C. 2013) ("[C]ourts routinely enforce subpoenas for the production of documents, even where the requested documents are located over 100 miles from the district"); *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 494–95 (E.D. Pa. 2005) (subpoena requesting that nonparty's documents located in Belgium complied with Rule 45).

[12] While Lilly presumes that, in this day and age, responsive documents are available electronically, Novartis' counsel has been unable to confirm whether there are any responsive documents that are solely located in Switzerland. To the extent that a limited subset of such documents exists, Lilly remains willing to meet and confer on this issue. *See* Helm Decl. ¶ 21.

*Univ. of California v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996). In the context of Rule 45, an individual's "regular" and "frequent" trips to a city qualify as "regularly transact[ing] business" in person. *Halliburton Energy Servs., Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006) (finding that non-party's travel to a city "four times each year" for "ten days each time" qualified as regularly transacting business); *see also Kacmarik v. Mitchell*, No. 15-cv-2062, 2017 WL 131582, at *5 (N.D. Oh. Jan. 13, 2017) (where company "regularly conducts business" within 100 miles, subpoena was valid).

Novartis undoubtedly regularly conducts business in this District under this standard. Ms. Hale is an Officer of Novartis AG and, upon information and belief, a Director of Novartis. Since her employment became effective—over three months ago—Ms. Hale has been working for Novartis entities from her residence *in Chicago*. Indeed, this is how Lilly served Novartis with a subpoena in this District in the first place. For example, in her role as Chief Legal Officer of Novartis AG, Ms. Hale has submitted filings to the SEC using an address from Basel, Switzerland, while she was working in Chicago, Illinois. *See* Ex. 13 at 1–2; *see also* Ex. 14 at 1, 8. In *Halliburton*, a district court concluded that a non-party's travel to a city four times a year for 10 days at a time qualified as regularly transacting business for the purpose of a Rule 45 subpoena. *See Halliburton Energy Servs., Inc.*, 2006 WL 2663948, at *2. Here, Ms. Hale—a high-level executive for the global parent of Novartis—has been providing business and legal services for Novartis from within this District for *months* and is still doing so today. Her residence thus serves as an office from which she regularly transacts business on behalf of Novartis.

In evaluating production subpoenas, courts have also looked to whether the "nonparty . . . has any employee or other legal representative . . . located within the court's jurisdiction who possesses a sufficient degree of control over corporate documents maintained outside the court's

jurisdiction to make it appropriate to enforce the production subpoena." *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 08-cv-80897, 2010 WL 181088, at *3 (D. Del. Jan. 19, 2010). Ms. Hale clearly fits this description. In her role, Ms. Hale "has practical and actual managerial control over, . . . [a] corporation organization" such that she has "'control' sufficient to order production of corporate documents." *Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004). It does not matter whether she currently "ha[s] actual possession of the documents"; the test is "whether the party has a legal right to control or obtain them." *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (N.D. Ill. 1977). Ms. Hale certainly fits such a role, and Novartis should be compelled to produce documents responsive to the subpoena.

### B. Novartis Has Waived Any Other Objection to The Subpoena

Novartis has also waived any other objection to the subpoena other than its argument regarding the 100-mile limit. Novartis' letter objection to the subpoena states that "[p]ursuant to Civil Rule 45(d)(2)(B), Novartis Pharma AG objects to this subpoena for reasons stated in its" Motion to Quash. Ex. 12 at 1. That motion only argued: (1) that the subpoena violates the 100-mile limit; and (2) that the Eastern District of Virginia should reverse its initial Section 1782 determination. *See* Ex. 11 at 8–22. Novartis made no other arguments in its motion and has waived any arguments not made in its letter objection. Rule 45 requires that objections be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *See* Fed. R. Civ. P. 45(d)(2)(B). Because Novartis' objections only incorporate its motion to quash, any new objections raised on opposition are untimely and waived. *See* Ex. 12 at 1; *see also Brogren*, 1994 WL 654917, at *1 (non-party waived objections where they were untimely).

### IV. CONCLUSION

For the foregoing reasons, Lilly respectfully requests that this Court grant Lilly's motion.

Dated: August 19, 2021 By: */s/ Sara B. Roitman*

    Sara B. Roitman, Bar #6311341
    Dechert LLP
    35 West Wacker Drive, Suite 3400
    Chicago, IL 60601
    (312) 646-5800
    sara.roitman@dechert.com

    Katherine A. Helm
    *Pro Hac Vice* (to be submitted)
    Dechert LLP
    Three Bryant Park
    1095 Avenue of the Americas
    New York, New York 10036-6797
    (212) 698-3559
    khelm@dechert.com

    Sharon K. Gagliardi
    *Pro Hac Vice* (to be submitted)
    Dechert LLP
    2929 Arch Street
    Cira Centre
    Philadelphia, PA 19104
    (215) 994-2278
    sharon.gagliardi@dechert.com

    *Counsel for Eli Lilly and Company; Eli Lilly Italia S.p.A; Eli Lilly Kinsale Limited; Eli Lilly Ges.m.b.H.; and Eli Lilly Nederland B.V.*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 37.2, I hereby certify that, on the 18th day of August, 2021, at 2:00 PM ET, myself, along with my colleague, Sharon Gagliardi, attended a telephonic conference with Novartis Pharma AG's counsel, Chris Essig and Patrick O'Meara from Winston & Strawn LLP, to discuss the filing of Lilly's Motion to Compel Production of Documents in Response to Lilly's Subpoena. The parties engaged in good faith attempts to resolve the dispute concerning the production of responsive documents to Lilly's subpoena, but were unable to reach an agreement.

                                                          */s/ Katherine A. Helm*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 19th day of August, 2021, I caused the foregoing document and all attachments to be served on Novartis Pharma AG by electronically mailing the documents to counsel for Novartis Pharma AG, Chris Essig and Patrick O'Meara from Winston & Strawn LLP. Counsel for Novartis Pharma AG has informed Lilly's counsel in writing that Novartis Pharma AG has agreed to accept service of these documents by electronic email to counsel for Novartis Pharma AG, pursuant to Fed. R. Civ. P. 5(b)(1) and 5(b)(2)(D).

                                                          */s/ Katherine A. Helm*